UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAHFOOD HUSSAIN ALKAABI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5476** |
| **DEPARTMENT OF HOMELAND SECURITY, ET AL.** | **SECTION "L" (3)** |

## ORDER

The Court has pending before it Mahfood Hussain Alkaabi's Motion for Expungement of Records of Dismissed Case (Rec. Doc. 8). For the reasons set forth herein, the motion is DENIED without prejudice to re-file.

On August 10, 2009, Plaintiff filed a *pro se* complaint against the Department of Homeland Security, the United States Citizenship and Immigration Services, the Federal Bureau of Investigation, and the Attorney General (Rec. Doc. 1). The suit arose out of delays in the processing of Plaintiff's Application for Naturalization as an American citizen. Less than one month after the complaint was filed and before any Defendant answered, Plaintiff filed a notice of voluntary dismissal (Rec. Doc. 7). The case was closed and o further activity until September 27, 2010, when Plaintiff filed the present motion. Plaintiff now asks the Court to enter an Order expunging all records of the suit, such that "Petitioner shall be treated in all respects as not having filed a petition for hearing on Naturalization Application" and that "Petitioner may state that he has never filed a petition for hearing on Naturalization Application."

The Court's jurisdiction over this motion is unclear. Plaintiff voluntarily dismissed his

1

suit and the Court did not reserve jurisdiction for any purpose.  Nonetheless, courts have ancillary jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994).  The Court will assume for the sake of argument that Plaintiff "has arguably raised an equitable claim sufficient to invoke the Court's ancillary jurisdiction." *McGough v. Corrections Corp. of Am.*, No. 07-0039, 2008 WL 313064, at *3 (M.D. Tenn. Feb. 1, 2008).[1]

The court is unaware of any applicable authority addressing a plaintiff's right to seek the complete and total expungement of any record of a civil suit that he or she filed.  *Cf. Thompson v. Rutherford County, Tennessee*, 318 Fed. App'x 386, 389 (6th Cir. 2009).  Courts do have authority to expunge criminal records and "it seems logical that, if the Court has the power to expunge criminal records, it also has the power to expunge civil records." *McGough*, 2008 WL 2008 WL 313064, at *3.  However, in the context of criminal record expungement, the Fifth Circuit "prohibits a lower federal court from ordering the editing of public records in the general case." *Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978); *see also United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (holding that "the balance very rarely tips in favor of expungement").

The same policies weighing against casual expungement of criminal records should apply to civil suits.  The Federal Rules of Civil Procedure demonstrate a policy in favor of full record

---

[1] The circuit courts of appeal are split regarding a district court's equitable ancillary jurisdiction to entertain a motion to expunge records related to a conviction.  *See Thompson v. Rutherford County, Tennessee*, 318 Fed. App'x 386, 389 (6th Cir. 2009) (Keith, J., dissenting). The Fifth Circuit has not taken a position on this issue.

retention. Fed. R. Civ. P. 79(a)(1) (requiring the clerk of court to maintain a docket containing a record of "each civil action"); *see also McGough*, 2008 WL 313064, at *3 ("[T]he Court concludes that there is also a strong public interest in maintaining accurate records in civil cases."). As the Fifth Circuit has warned, "[t]he judicial editing of history is likely to produce a greater harm than that sought to be corrected." *Cavett*, 578 F.2d at 568. The holding in *Thompson* is instructive. In *Thompson*, a doctor had been named as a co-defendant in a suit against a prison medical center but had no connection to the underlying facts, was never served, and was voluntarily dismissed. 318 Fed. App'x at 388. *Id.* The doctor later moved to expunge his name from the record, arguing that the existence of the suit had to be reported to his insurer and could affect his livelihood. *Id.* The district court denied the motion and the Sixth Circuit affirmed, analogizing to criminal expungement cases and holding that the doctor did not "come close to establishing an extraordinary circumstance" warranting expungement. *Id.* at 388-89.

Here, Plaintiff has likewise failed to articulate sufficiently why he seeks expungement or what adverse consequences will occur without that relief. Plaintiff's motion contains no explanation of any adverse consequences arising from the Court's maintenance of the docket records of his lawsuit. In the absence of any allegations of hardship, the Court cannot find that Plaintiff's circumstances outweigh the strong public interest in accurate and complete court records.

Moreover, even if the Court could find extraordinary circumstances warranting expungement of Plaintiff's records from records under the Court's control, records held by the Defendants to this suit, all of whom are members of the Executive branch of our government, would persist. "[O]utside the sphere of the court's own records, the petitioner must assert a

3

specific rights violation–one that cannot be remedied by the relief otherwise provided for by the courts or by Congress–in order to qualify for expungement" of records held by the Executive branch. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997). "The government has weighty interests in keeping its records unredacted." *Id.* at 702. Plaintiff has not met his heavy burden to counterbalance those interests.

For the foregoing reasons, Plaintiff's motion is DENIED without prejudice.

New Orleans, Louisiana this 5th day of November, 2010.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE